AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

| LODGED |
| CLERK, U.S. DISTRICT COURT |
| **7/8/25** |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____ MRV _____ DEPUTY |

for the

Central District of California

| FILED |
| CLERK, U.S. DISTRICT COURT |
| 07/08/2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____ GR _____ DEPUTY |

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

MARIO LUIS DURAN
      Defendant.

Case No.    2:25-mj-04198-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Jamie Taylor, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date of July 4, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Jamie Taylor, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:    July 8, 2025

_____
*Judge's signature*

City and state:   Los Angeles

Hon. Karen Stevenson Chief U.S. Magistrate Judge
*Printed name and title*

AUSA:    X10319

**AFFIDAVIT**

I, Jamie Taylor, being duly sworn, declare and state as follows:

## I.  PURPOSE OF AFFIDAVIT

1.  This affidavit is made in support of a criminal complaint against and arrest warrant for MARIO LUIS DURAN, ("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

2.  The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF SPECIAL AGENT JAMIE TAYLOR

3.  I am a I am a Special Agent ("SA") with the Department of Homeland Security, Homeland Security Investigations ("HSI") and have been so employed since April 2021.  I am currently assigned to the HSI Office of the Assistant Special Agent in Charge, Los Angeles, Integrated Operations Group, in Los Angeles, California, which is responsible for investigating criminal aliens.

4.    I had previously worked as a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I worked as a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), from February 2016 to April 2021.

### III.  TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES

5.    Based on my training and experience and communication with DHS employees on the Task Force, I know the following:

a.    Every person has a unique set of fingerprints.  I also know that unique identification numbers – including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigations ("FBI") numbers – can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints.  In many cases, DHS and other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information to a specific individual.

b.    Moreover, when a person is fingerprinted by DHS agencies, such as ICE (formerly INS), those unique fingerprint identifiers are associated with an individual's unique alien number ("A-number") and alien file ("A-file").  An A-file typically contains official documentation regarding a person's deportation or removal history as well as alienage.  That A-file is maintained in DHS custody, and documents and information from

2

that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

6.    Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process.  That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number.  A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

### IV. <u>STATEMENT OF PROBABLE CAUSE</u>

7.    On or about July 4, 2025, the ICE Pacific Enforcement Response Center ("PERC") – an ICE center responsible for vetting and researching the arrests of suspected foreign nationals – received an electronic notification based on defendant's biometric fingerprint information that he was arrested by the Los Angeles Police Department ("LAPD"), within the Central District of California, for Threatening a Crime with Intent to

3

Terrorize, in violation of California Penal Code Section 422(A). Defendant is currently in custody with LAPD.

8.    Based on my training and experience, it is essential to act quickly and secure a federal arrest warrant for defendant while he is in a custodial setting because once defendant is released from custody, he may abscond or evade apprehension, particularly in light of his prior removal(s) and unlawful reentry.  Effectuating an arrest while defendant is in custody is materially safer for officers and defendant and presents a significantly lower risk of flight or resistance.  Arrests in a controlled environment also reduce the need for high-risk operations in the community and minimize potential harm to the public.

9.    I compared a unique fingerprint identifier from the arrest referenced above against those contained in the immigration and removal records retained for defendant in DHS indices.  I have determined that these unique fingerprint identifiers are the same and therefore believe that both sets of records reference defendant, a previously removed alien.

10.  On or about July 8, 2025, I reviewed records associated to defendant's unique fingerprint identifier that are contained in DHS indices.  I learned the following about defendant's immigration history:

a.    Defendant is a citizen and national of Mexico.

b.    On or about August 17, 2018, the defendant was issued a Notice and Order of Expedited Removal after being apprehended by United States Customs and Border Protection.

4

Defendant was subsequently physically removed on or about August 17, 2018, from the United States to Mexico after being served the order.

c.    There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant's most recent removal.  Based upon my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed.

### V.  CONCLUSION

11.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 8th day of July
2025.

_____
HONORABLE KAREN STEVENSON
CHIEF UNITED STATES MAGISTRATE
JUDGE

5